IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                    )
                                          )
SAMUEL D. HOOD, II,                       )   Bankruptcy Case No. 07-30717
                                          )
                    Debtor.               )
                                          )
CUSTOM MORTGAGE SOLUTIONS,                )
INC.,                                     )
                                          )
                    Plaintiff,            )
                                          )
           vs.                            )   Adversary Case No. 07-3104
                                          )
SAMUEL D. HOOD, II, d/b/a                 )
S & B FINANCIAL CONSULTANTS,              )
LLC,                                      )
                                          )
                    Defendant.            )

OPINION

This matter having come before the Court on a Motion to Dismiss filed by Debtor/Defendant, Samuel D. Hood, II, and Response to Motion to Dismiss filed by Plaintiff, Custom Mortgage Solutions, Inc.; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

In his Motion to Dismiss, Debtor/Defendant raises two arguments. First, Debtor/Defendant argues that the Plaintiff, Custom Mortgage Solutions, Inc., does not have standing to bring the instant Complaint because Plaintiff was administratively dissolved by the Secretary of State of Missouri on February 2, 2006, and, as a result, was thereafter unable to carry on any business except that necessary to wind up and liquidate its business and affairs. Second, Debtor/Defendant argues that Plaintiff has sued the wrong party in that the Debtor, as an individual, was not involved in an underlying State Court action which forms the basis for the instant Complaint.

In considering the Debtor/Defendant's first basis for dismissal of the instant Complaint, the Court finds that the Plaintiff does have standing to bring the instant Complaint because, although it has been administratively dissolved, it does have the power and authority to continue to collect assets as part of its wind up and liquidation of its business and affairs.  RSMo.351.476. The cause of action set forth in the instant Complaint is clearly an asset of the Plaintiff, and, as such, Plaintiff Corporation has authority under controlling Missouri law to proceed to litigate this matter to its conclusion.

As for the Debtor/Defendant's second basis for dismissal, the Court finds that there is a question as to the proper party to be included as a defendant in this proceeding.  The Plaintiff must establish that the Debtor/Defendant somehow has personal liability for the cause of action alleged in this adversary proceeding.  As such, the Court will grant the Plaintiff a period of 21 days in which to file an amended complaint containing allegations as to the personal liability of the Debtor/Defendant, Samuel D. Hood, II, in his individual capacity.

ENTERED:  February  7 , 2008.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge