IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SAMUEL D. HOOD, II, | ) | Bankruptcy Case No. 07-30717 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CUSTOM MORTGAGE SOLUTIONS, | ) | |
| INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 07-3104 |
| | ) | |
| SAMUEL D. HOOD, II, d/b/a | ) | |
| S & B FINANCIAL CONSULTANTS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter having come before the Court for trial on a Second Amended Complaint to Determine Dischargeability Pursuant to 11 U.S.C. §523(a)(6); the Court, having heard sworn testimony and having reviewed the record of Debtor's bankruptcy proceeding and written memoranda of the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Plaintiff has the burden of proof by preponderance of the evidence to show that the debt in question is non-dischargeable under 11 U.S.C. § 523(a)(6). See: Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654 (1991). In Kauaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974 (1998), the U. S. Supreme Court addressed a split in the Circuit Courts regarding the proper interpretation of the term "willful" under § 523(a)(6). The Court found that debts caused by negligent reckless conduct are dischargeable, whereas debts arising from intentional torts are not dischargeable. In reaching this holding, the Supreme Court noted: "Intentional torts generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.'" While the Supreme Court addressed the definition of the term

"willful," it did not define the intent necessary to constitute willful conduct. This Court finds that the intent necessary to constitute willful conduct was aptly defined in the case of In re Cox, 243 B.R. 713 (Bankr. N.D. Ill. 2000), in which the Court found that a debt would be non-dischargeable under § 523(a)(6) where a creditor demonstrated, by a preponderance of the evidence, either that the debtor desired to cause the injury complained of or that the debtor believed that harmful consequences were substantially certain to result from the debtor's acts. The Cox Court further went on to reiterate the long-standing definition of "malicious injury" as being one under which the debtor acts with a conscious disregard of ones duties or acts without just cause or excuse. See: In re Thirty Acre, 36 F.3d 697 (7th Cir. 1994).

At trial in this matter, on July 28, 2008, the Plaintiff had only one witness, which was the Debtor, Samuel D. Hood, II. Counsel for the Plaintiff offered five exhibits, which were objected to by Defendant's counsel; and counsel for Defendant offered three exhibits, which were objected to by Plaintiff's counsel. Both sides argued that each other's exhibits could not be properly admitted due to failure of the parties to comply with this Court's Pre-Trial Order and procedures. It was clear at trial that both parties had failed to read or comply with the Court's Pre-Trial Order, dated September 12, 2007. Neither party exchanged the names of witnesses or lists of exhibits, nor did either party file a brief with the Court with proposed findings of fact or conclusions of law. Regardless of failure of the parties to comply with this Court's Pre-Trial Order, the Court finds that neither party was prejudiced by the other party's failure to comply with the order. The only witness at trial was the Defendant, Samuel D. Hood, II, and there was certainly no surprise or prejudice on the side of either party having Hood as a witness. Additionally, the Court finds that all exhibits offered at trial were either exhibits attached to the pleadings in this case or were exhibits offered at trial in a prior lawsuit between the parties in the Illinois State Courts. Given that the Court can find no surprise or prejudice as to either party for their failures to comply with this Court's Pre-Trial

2

Orders and procedures, the Court finds that all exhibits will be admitted and that the testimony of the Debtor, Samuel D. Hood, II, will be considered in its entirety in this opinion.

Upon careful review of the testimony of the Debtor, Samuel D. Hood, II, at trial in this matter on July 28, 2008, the Court finds that the Debtor's testimony was credible.  In considering what the Debtor said, how he said it, and how what he said related to the documentary evidence in this case, the Court finds that the Debtor's testimony provided an accurate portrayal of the circumstances leading to the filing of the instant adversary proceeding.

The instant adversary proceeding arises from a State Court cause of action filed by the Plaintiff herein against S & B Financial Consulting, LLC, and the Debtor, Samuel D. Hood, II, individually, filed in the Circuit Court of St. Louis City, Missouri.  The State Court proceeding alleges that Debtor's conduct in a 2004 lawsuit filed by S & B Financial Consulting, LLC, against Custom Mortgage Solutions, Inc., also in the Circuit Court of St. Louis City, Missouri, was willful and malicious and that, as such, any damages arising out of the State Court litigation should be declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

The parties to this action do not dispute that the Debtor, Samuel D. Hood, II, individually, was not a party to the State Court litigation giving rise to the instant adversary proceeding.  The judgment in the State Court proceeding was actually against S & B Financial Consulting, LLC, which was a limited liability company, incorporated in the State of Missouri, that had been set up by the Debtor, in which the Debtor owned approximately 50% of the shares of stock of the company.  S & B Financial Consulting, LLC, was a separate legal entity, and, as a general rule, the Debtor would not be responsible for the liabilities of the company.  Adelstein v. Jefferson Bank & Trust Co., 377 S.W.2d 247; Zipper v. Health Midwest, 978 S.W.2nd 398 (Mo.App. W.D. 1998).  To the contrary, under

3

Missouri law, which is applicable in this proceeding, it is well settled that corporate officers and/or stockholders can be held individually liable when they have knowledge of and participate in the course of a corporation's wrongdoing. Rogers v. Richmond Memory Gardens, Inc., 896 S.W.2d 64 (Mo.App. W.D. 1995).

> An individual is not protected from liability simply because the acts constituting the tort "were done in the scope and course, and pertain to, the duties of his employment." If the rule were otherwise, "the agent of a corporation could shield himself from liability for almost every kind of wrong, provided he was acting in the capacity of agent . . ." Thus, a corporate officer may be held individually liable for tortuous corporate conduct if he or she had "actual or constructive knowledge of, and participated in, an actionable wrong."

State ex rel. Doe Run Resources Corp. v. Neill, 128 S.W. 3d 502, 505 (Mo. 2004) (emphasis added) citing Curlee v. Donaldson, 233 S.W.2d 756, 754 (Mo.App. 1950); Boyd v. Wimes, 664 S.W. 2d 596, 598 (Mo.App. 1984); and Lynch vs. Blanke Baer & Bowey Krimko, Inc., 901 S.W.2d 147, 153 (Mo.App. 1995).

Considering the documentary evidence in this case and the testimony of the Debtor/Defendant, the Court finds that the Plaintiff has failed to establish by a preponderance of the evidence that the Debtor/Defendant should be held liable for the actions of the separate company designated as "S & B Financial Consulting, LLC." The Plaintiff failed to establish that the Debtor/Defendant exercised sufficient control or had sufficient wrongful intent to cause S & B Financial Consulting, LLC, to engage in the malicious prosecution in State Court that is complained of. The only entity liable for any judgment in the State Court is properly the separate entity known as "S & B Financial Consulting, LLC."

Having found that the Plaintiff has failed to establish personal liability on the part of the Debtor/Defendant, the Court need not address the issue of non-dischargeability under 11 U.S.C. § 523(a)(6). However, for the sake of argument, the Court will indicate that the facts adduced at trial do not support a finding of non-dischargeability under § 523(a)(6). Plaintiff failed to prove by a preponderance of the evidence that the Debtor/Defendant intended any harm to the Plaintiff. There is no evidence in either the documents submitted or the

4

testimony of the only witness to establish the Debtor/Defendant's intent.  There is nothing to counter the Debtor/Defendant's assertion that he had no intent to harm the Plaintiff. Further, there is no evidence to establish that the Debtor/Defendant believed that harmful consequences were substantially certain to result from his actions in connection with S & B Financial Consulting, LLC.  For these reasons, the Court must find that the Second Amended Complaint to Determine Dischargeability Pursuant to 11 U.S.C. §523(a)(6), filed by Plaintiff, Custom Mortgage Solutions, Inc., must be denied.

ENTERED:  October  2 , 2008.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge